**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5374-18T4

MARC MECCA,

     Plaintiff-Appellant,

v.

OFFICE OF THE PUBLIC
DEFENDER, and JAIME KAIGH,
ESQUIRE,

     Defendants-Respondents,

and

JO-ANN SCIARRA, and
CHRISTINA FESTEVOLE,

     Defendants.

_____

          Argued January 12, 2021 – Decided January 29, 2021

          Before Judges Fisher and Moynihan.

          On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2444-17.

          J. Craig Currie argued the cause for appellant.

John Regina, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Jane C. Schuster, Assistant Attorney General, of counsel; John Regina, on the brief).

PER CURIAM

Plaintiff Marc Mecca is an accountant who, in 2016, was charged with theft by deception. The Office of the Public Defender (OPD) undertook his defense and assigned defendant Jaime Kaigh, a pool attorney, to represent plaintiff in the criminal proceedings. Plaintiff was released on bail but later arrested – and spent fifty-two days in jail – for failing to appear for a February 29, 2016 court proceeding.

Plaintiff commenced this action against OPD and Kaigh in January 2017,[1] seeking damages for, among other things, the income he claims to have lost during his fifty-two-day incarceration. He argues that OPD and Kaigh's negligence proximately caused his fifty-two-day period of incarceration. Specifically, plaintiff asserted that he was treated at a hospital emergency room a few days prior to the February 29 proceeding, telephoned defendants' office about his medical condition, and assumed from his communications that he was not required to appear.

---

[1] Kaigh died after the commencement of this action but before he could be deposed.

The trial judge entered summary judgment in defendants' favor, and plaintiff appeals. He argues that the judge mistakenly made "credibility determinations" against him and based dismissal on "inadequate proofs of economic harm."

We find no merit in plaintiff's arguments; the judge did not make credibility determinations and he did not base his decision on the inadequacy of plaintiff's claim of economic harm. The judge based his decision on what plaintiff asserted about his communications with defendants prior to the February 29 proceeding and what the medical documentation revealed about plaintiff's physical condition at that time. Our review is de novo; like the motion judge, we are obligated to assume the truth of plaintiff's factual allegations and view those facts in the light most favorable to plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). In closely examining plaintiff's deposition testimony, we agree he failed to present a prima facie case of negligence on defendants' part.

We start with the undisputed facts. Plaintiff acknowledged at his deposition that one of the conditions of his remaining out on bail was that he "had to appear at every court hearing that [he] was scheduled for." He also

testified at his deposition that the court gave him written notice of the February 29 court proceeding ten days in advance.

Plaintiff asserted that he developed a case of bronchial pneumonia and went to the emergency room of a local hospital on February 24, 2016. According to plaintiff, he telephoned OPD's office while in the hospital waiting room and stated he would be unable to attend the February 29 hearing. He did not speak to an attorney; he spoke to a secretary who said she would pass along the message to defendant Kaigh. The hospital records submitted to the motion judge reveal plaintiff remained in the hospital for only four-and-one-half hours. He left at his own request shortly after midnight. Plaintiff called OPD's office later that day to ask defendant Kaigh if an adjournment had been granted but Kaigh was unavailable; plaintiff left a message with a secretary.

Plaintiff never called defendants again prior to the February 29 proceeding. And he never received a message from either the court or from defendants that the conference had been adjourned, as he readily acknowledged at his deposition:

> Q. Okay. After that second call did you ever receive a call back from Mr. Kaigh's office prior to the February 29, 2016 pretrial conference?
>
> A. Never.

A-5374-18T4

Q. Did you ever receive a letter from Mr. Kaigh's office between that second call and the February 29, 2016 conference?

A. No.

Q. Did you ever receive a letter from the court prior to the February 29, 2016 conference advising you that it had been adjourned or continued?

A. No.

Q. Did you ever receive a phone message from the court advising you that the February 29, 2016 court appearance had been adjourned or continued?

A. No.

Q. Did you ever receive any phone message from [the judge or her] chambers that the February 29, 2016 court hearing had been adjourned or continued?

A. No.

Q. Did you ever receive a letter from [the judge] or her chambers saying it had been adjourned?

A. No.

. . . .

Q. So, it's correct that you were assuming that you didn't have to appear in court?

A. Correct.

Q. Even though you knew it was scheduled?

5

A.   Yes.

Q.   Okay.   And why did you assume that the hearing had been continued or adjourned or that you didn't have to appear in court?

A.   My two requests into his office asking or telling of my situation that I wouldn't be able to be there unless it was extraordinary circumstances.

Despite these circumstances, plaintiff claims that defendants were negligent, apparently for failing to disabuse plaintiff of his misconceptions about his need to be in court on February 29.  The record is clear and undisputed that defendants never told plaintiff that he was not required to attend the February 29 conference.  The record – viewed in a light favorable to plaintiff – suggests only that plaintiff decided for himself that he was not required to attend.

The record also provides no evidence that plaintiff was unable to attend the February 29 proceeding.  He was not then hospitalized; he left the hospital, on his own accord, five days earlier.  The hospital records contained in the record before the motion judge describe plaintiff as "stable for discharge" without restrictions.  The motion judge correctly observed that "nothing in the record" indicated plaintiff "was unable to . . . attend" court on February 29.

We agree with the motion judge that defendants did not breach any standard of care regarding plaintiff's desire to avoid attending the February 29

6

conference.  Plaintiff was physically able to attend and defendants never told him he was excused from attending.

There is also nothing in the record to demonstrate that defendants departed from the standard of care in handling the situation on February 29.  At that time, Kaigh appeared on plaintiff's behalf.  The judge was already familiar with plaintiff's attempt to avoid appearing and, in response to Kaigh's argument, allowed plaintiff until the end of that day to provide medical records or documentation that would demonstrate his inability to attend:

> THE COURT:  Okay.  The time is 10:45.  Mr. Mecca was marked as bench – as a warrant.  He didn't answer to the call of the list.  Mr. Jamie Kaigh, you wanted to place something on the record?
>
> MR. KAIGH:  Yes. Your staff has informed me that Mr. Mecca called them and said he was hospitalized over the weekend, had a fever, was told by his doctor not to come in today.[2]  My office reports to me that he called them and said he was hospitalized.  I had the Public Defender call him back and tell him he needs to get his medical records to the [c]ourt ASAP or to the Public Defender ASAP and – otherwise a warrant would issue.

---

[2]  February 29, 2016 was a Monday.  If Kaigh's in-court representation of what he was told by the judge's staff was accurate – and the judge did not contradict what Kaigh said – plaintiff misrepresented to the court the circumstances he believed excused his appearance.  He was not hospitalized over the weekend preceding the Monday proceeding and, if he was told by a doctor not to go to court on Monday, plaintiff offered no sworn statement or evidence that would support such a contention.

> THE COURT: Okay. The Court will give this to the end of the day. There's no medical documentation that was brought to the [c]ourt's attention that Mr. Mecca is in fact sick. But, of course, if in fact that is the case, the warrant will not be issued if the [c]ourt is provided with that information. So if he gets it to the [c]ourt by the end of the day, I will hold off on the warrant.

Plaintiff presented nothing to suggest that Kaigh did not take the steps he represented to the judge he had already taken.[3]

In short, defendants did not breach the standard of care they owed plaintiff in February 2016. They did not tell him or suggest to him that he was not required to appear on February 29, 2016. To the contrary, the record reveals that plaintiff knew he was required to appear, that he lacked a valid reason for failing to appear, and that the only reason he failed to appear was because he unwisely assumed his four-and-one-half-hour stop at a hospital emergency room five days earlier constituted a sufficient excuse. Viewing the record in the light most favorable to plaintiff, we agree with the motion judge that plaintiff failed to present sufficient evidence upon which a factfinder could rule in his favor.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Plaintiff argues in this court that defendants were also negligent because they did not reach out to plaintiff after the brief proceeding before the judge on February 29. Plaintiff never said such a thing in his lengthy deposition, and he did not file a certification or affidavit to that effect when opposing defendants' summary judgment motion.

A-5374-18T4